IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re: Arrest Warrant for ) <br> Samuel Oluwadamilare Akinleye ) <br> ) <br> ) <br> Federal Bureau of Investigation ) <br> Northern Virginia Resident Agency ) <br> 9325 Discovery Blvd ) <br> Manassas, VA 20109 ) | Case no. _____ |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
### SAMUEL OLUWADAMILARE AKINLEYE

I, Spencer W. Brooks, being duly sworn, do hereby depose and state as follows:

### Background of Affiant

1.     I am employed as a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed since 2006. Currently, I am assigned to the Financial Institution Fraud Squad at the Washington Field Office, Northern Virginia Resident Agency, Manassas, Virginia. My duties with the FBI include, but are not limited to, the investigation of alleged violations of Federal criminal statutes which involve financial institutions, and the investigation of complex financial crimes, including extensive document review, analysis and witness interviews, and the preparation, presentation and service of criminal complaints, arrest warrants and search warrants.

### Purpose of Affidavit

2.     This affidavit is submitted in support of a criminal complaint and an application for the issuance of an arrest warrant for SAMUEL OLUWADAMILARE AKINLEYE ("AKINLEYE"). The facts set forth in this affidavit are based upon my

1

personal knowledge, knowledge obtained during my participation in this investigation, knowledge obtained from United States Postal Inspector Joey Bond and other law enforcement personnel, review of documents related to this investigation, review of FBI databases, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through training and experience. Because this affidavit is being submitted for the limited purpose of setting forth probable cause, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that AKINLEYE has committed Bank Fraud, in violation of Title 18, United States Code, Section 1344.

3.   My investigation has determined AKINLEYE is a black male with date of birth in the year 1979, Social Security account number: \*\*\*-\*\*-6938, height: 5'9", weight: 150 lbs., and last known address of at xxxxx xxxx xxxxx xxx, xxxx, Mitchellville, Maryland.

### The Scheme, Bank Fraud

4.   AKINLEYE has engaged in a scheme, in this District and its surrounding areas, in which he used financial institutions, as defined in 18 U.S.C. sec. 20, to steal money by, among other things, cashing fraudulent and/or forged checks, withdrawing money without authorization from legitimate bank accounts, and/or withdrawing money from fraudulently-created bank accounts. To explain this scheme, this affidavit describes AKINLEYE's fraudulent activities set forth in the complaint as well as additional fraudulent activities not charged in the complaint but demonstrating

AKINLEYE's long-standing and continuing efforts to commit Bank Fraud.

### AKINLEYE'S FRAUDULENT ACTIVITIES CHARGED IN THE COMPLAINT

The following paragraphs, numbered 5 though 10, describe the fraudulent activities of AKINLEYE set forth in the complaint:

### Fraudulent Activity Related To Pentagon Federal Credit Union In The Fall of 2006

5. On September 28, 2006, a fraudulent financial account at Pentagon Federal Credit Union (PFCU), a financial institution as defined by 18 U.S.C. sec. 20, in the name of identity theft victim Gregory Shumate, was opened online using Shumate's true date of birth and Social Security number. The account was opened with an address of 2020 Pennsylvania Avenue, NW, Apartment 143, Washington, DC 20006. Shumate never resided at that location, as he is a resident of Virginia. Checks were ordered for the account and mailed to 2020 Pennsylvania Avenue, NW, Apartment 143, Washington, DC 20006, using the United States Postal Service (USPS).

6. Between November 3 and November 7, 2006, three checks – each in the amount of $2,800 – were drawn off this PFCU account, written to payee "SAMUEL AKINLEYE," and cashed at the Kingstowne branch of PFCU in Alexandria, Virginia.

7. The individual cashing these three checks at the branch presented a New York driver's license with number xxx-xxx-184. This license number was written by the teller on each check. During a subsequent investigation, on July 28, 2008, a New York driver's license query was conducted by Postal Inspector Bond, which indicated that driver's license number xxx-xxx-184 was a driver's license issued to AKINLEYE.

8. These three checks were the only checks drawn on the account prior to it

3

being closed for fraud. On January 4, 2007, Shumate provided an affidavit to PFCU affirming that he did not sign or otherwise authorize the three checks. In addition to the checks, other fraudulent withdrawals were made from the account using automated teller machines (ATMs) in Virginia, Maryland, and Washington, DC.

9. On September 3, 2008, AKINLEYE agreed to be interviewed by your affiant and Postal Inspector Bond. During this interview, AKINLEYE told your affiant the following:

a) AKINLEYE cashed three $2,800 checks drawn off the fraudulently opened PFCU account of Gregory Shumate. He cashed them for an individual by the name of "Jendo Yankee" at a bank in Alexandria, Virginia. Although AKINLEYE did not state the specific name of the bank where the checks were cashed, AKINLEYE did say that the bank was located near Interstate-495 and a couple exits after crossing the Woodrow Wilson Bridge. AKINLEYE's directions were consistent with the general location of the PFCU branch in Alexandria, Virginia where the fraudulent checks were cashed.

b) AKINLEYE knew he was committing fraud by cashing the checks.

c) AKINLEYE did not remember exactly how much money he received for cashing the checks, but normally would receive 10 percent of the value of the cashed checks.

10. On September 12, 2008, Gregory Shumate was interviewed by Postal Inspector Bond. During this interview, Shumate informed Postal Inspector Bond of the following:

4

a)   Shumate did not open the PFCU account discussed above and never resided at 2020 Pennsylvania Avenue, NW, Apartment 143, Washington, DC.

b)   Shumate did not know AKINLEYE.

c)   In addition to the PFCU account, fraudulent accounts using Shumate's true information were opened at SunTrust Bank and possibly Bank of America.

## ADDITIONAL FRAUDULENT ACTIVITIES NOT CHARGED IN THE COMPLAINT

The following paragraphs, numbered 11 though 37, describe additional fraudulent activities of AKINLEYE which are not charged in the complaint but describe a long-standing and continuing scheme by him to commit Bank Fraud. These fraudulent activities are presented in reverse chronological order.

### Fraudulent Activity Related To Washington Mutual Bank In The Spring of 2008

11.   On May 11, 2008, at approximately 5:27 a.m., while driving in East Brunswick, New Jersey, AKINLEYE was stopped for exceeding the speeding limit, not wearing a seatbelt, and operating a car with suspended license plates.

12.   While at the scene, an East Brunswick police officer saw, in plain view, a gold-colored debit card in the name Greg Cottrell, in front of the driver's seat of the car driven by AKINLEYE. This debit card was issued by Washington Mutual Bank, a financial institution as defined by 18 U.S.C. sec. 20. Following a written waiver of his Miranda rights, AKINLEYE agreed to talk about the debit card. AKINLEYE stated that he found the card and initially denied using it. However, when advised that there was videotape of the recent ATM transaction(s) involving the debit card, he admitted that he

5

had used the debit card and did not know the card's owner. AKINLEYE further explained that he used the ATM located at 112 Eastern Parkway, Brooklyn, New York, and withdrew $500.00, which was in his wallet.

13. Consistent with this information, a representative of Washington Mutual Bank stated that the card was used at an ATM on May 10, 2008, at the branch at 112 Eastern Parkway, Brooklyn, New York, and that $500 was withdrawn from the account. Moreover, AKINLEYE had 25 $20.00 bills in his wallet at the time of the traffic stop.

14. Further, Washington Mutual Bank provided the East Brunswick Police Department with ATM surveillance photographs, which East Brunswick in turn shared with the FBI, relating to a May 11, 2008, $500.00 withdrawal from the account in the name of Greg Cottrell. Your affiant compared the bank surveillance photographs to a Maryland Motor Vehicle Administration photograph and the East Brunswick Police Department mug shot for AKINLEYE, and your affiant determined that the photographs appear to depict the same person, that is, an approximately 30 year-old black male, with similar facial features.

15. During a further search of the car driven by AKINLEYE, East Brunswick officers recovered numerous pieces of personal identification information, in a bag behind the driver's seat, relating to individuals other than AKINLEYE. Other items recovered from the car included: nine Money Gram money orders valued at $6850.00, two receipts for United States Postal money orders, and five (5) cell phones.

16. AKINLEYE was arrested by the East Brunswick Police Department for Receiving Stolen Property; Distributing, Manufacturing, or Possessing Personal

6

Information; and Receiving a Lost Credit Card. A case is still pending against AKINLEYE in East Brunswick, New Jersey, arising from these fraud-related charges.

## Fraudulent Activity Related To Charles Schwab Bank In The Spring Of 2008

17. On March 15, 2008, a fraudulent online checking account was opened with Charles Schwab Bank, a financial institution as defined in 18 U.S.C. sec. 20, in the name of identity theft victim Paul Laudicina. An overdraft line of credit for $10,000 was also established and linked to the checking account.

18. The address used to open the account was 5409 Riverdale Road, Apartment C1, Riverdale, Maryland 20737. Laudicina has no history of using this address, according to public record files. However, AKINLEYE resided at 5409 Riverdale Road, Apartment C5, Riverdale, Maryland, from approximately November 2004 to May 2006, according to public record files.

19. On April 19, 2008, at approximately 7:25 a.m., three ATM withdrawal transactions, in the total amount of $2,000 plus transaction fees, were made from this fraudulent Charles Schwab Bank account in the name of Paul Laudicina. The withdrawals were made using an ATM operated by SunTrust Bank, which is a financial institution as defined in 18 U.S.C. sec. 20, in Watkins Park, Upper Marlboro, Maryland.

20. On September 3, 2008, AKINLEYE agreed to be interviewed by your affiant and Postal Inspector Bond. During this interview, AKINLEYE told your affiant the following:

    a) AKINLEYE was asked if he had any knowledge of fraudulent Charles Schwab Bank accounts or if he had received any debit cards from Charles

Schwab Bank accounts. In response, AKINLEYE denied having any knowledge of fraud related to Charles Schwab Bank accounts or receiving any debit cards for fraudulent Charles Schwab Bank accounts.

b) AKINLEYE was shown a surveillance photograph from SunTrust Bank, a financial institution as defined in 18 U.S.C. sec. 20, at Watkins Park, Upper Marlboro, Maryland, from April 19, 2008, at approximately 7:25 a.m., that shows the three ATM withdrawal transactions, in the total amount of $2,000 plus transaction fees, from the fraudulent Charles Schwab Bank account. In response, AKINLEYE stated "that's me." AKINLEYE was told the transaction occurred using a Charles Schwab Bank debit card and was asked where he got it. AKINLEYE stated, "Let me think...who gave me that card?" AKINLEYE could not explain who gave him the card.

### Fraudulent Activity Related To BB&T Bank In The Fall Of 2007

21. On November 8, 2007, a fraudulent bank account was opened at Branch Banking and Trust (BB&T) Bank, a financial institution as defined in 18 U.S.C. sec. 20, in the name of identity theft victim Ural McKinley Jacks with a cash deposit of $100.00. The account was opened at the BB&T Bank branch located at 1909 K Street, NW, Washington, DC 20006. The account was opened using Ural McKinley Jacks true date of birth and Social Security number. An address of 1131 Allison Street, NW, Washington, DC 20011, was used to open the account, but Ural Jacks has no history of living at the address, according to public record files.

22. On November 29, 2007, an unauthorized $8,000 wire transfer was sent from a fraudulent Charles Schwab financial account in the name of identity theft victim

Alonzo Short to the fraudulent Ural McKinley Jacks BB&T Bank account.

23. On November 30, 2007, a $4,000 check made payable to "SAMUEL O. AKINLEYE" was cashed at the Kettering BB&T branch, located at 10590 Campus Way, Largo, Maryland, drawn off of the fraudulent Ural McKinley Jacks account.

24. Your affiant compared bank surveillance photographs provided by BB&T Bank relating to the cashing of this check to a Maryland Motor Vehicle Administration photograph for AKINLEYE, and your affiant determined that the photographs appear to depict the same person, that is, an approximately 30 year-old black male, with similar facial features.

25. On September 3, 2008, AKINLEYE agreed to be interviewed by your affiant and Postal Inspector Bond. During this interview, AKINLEYE told your affiant the following:

  a) AKINLEYE recalled the $4,000 check and received $600 for cashing it.

  b) AKINLEYE knew he was conducting fraud by cashing the check.

  c) AKINLEYE was shown a surveillance photograph from BB&T Bank at the Kettering Branch on November 30, 2007, at 4:09 p.m., that showed the individual cashing the $4,000 check drawn off the BB&T Bank account of Ural Jacks. AKINLEYE admitted that it was him in the photograph.

### Fraudulent Activity Related To Bank of America In March Of 2006

26. On January 29, 2006, an individual called the telephone banking department at Bank of America, as defined in 18 U.S.C. sec. 20, claiming to be Bank of

America customer Jai Gupta. The caller claimed to have moved recently and requested an address change on a Gupta line of credit account. Due to the telephone call, Bank of America changed the account address from Gupta's true address in Virginia, to the address of 9900 Greenbelt Road, Suite 195, Lanham, Maryland 20706. The caller also requested that convenience checks be mailed to the Lanham address and, as a result of this request, such checks were sent via overnight delivery to that address.

27. Between March and May of 2006, ten unauthorized checks totaling $55,166.26 were negotiated against this account. On March 24, 2006, one of the ten checks – a $2,575 check made payable to "SAMUEL AKINLEYE" – was cashed at a Bank of America branch, located at 1801 K Street, NW, Washington, DC. The individual who cashed the check presented the teller with a New York driver's license, with the number xxx-xxx-184, which was the same New York driver's license number discussed above belonging to AKINLEYE.

28. In June of 2006, Gupta notified Bank of America that he did not call to change his address, did not order the convenience checks, and did not authorize these ten checks.

29. In addition, your affiant compared Bank of America surveillance photographs depicting the individual who cashed the above check for $2,575 to the Maryland Motor Vehicle Administration photograph for AKINLEYE, and determined that the photographs appear to depict the same person, that is, an approximately 30 year-old black male, with similar facial features.

30. The subsequent investigation also revealed that 9900 Greenbelt Road,

Lanham, Maryland 20706, was a UPS Store containing a mailbox number 195. At the request of Postal Inspector Bond, the manager of the UPS Store provided records indicating mailbox number 195 was rented by a person identifying himself as "Kelvin Duchi" from October 1, 2005, through September 8, 2006, at which point the mailbox was abandoned. The driver's license number on the District of Columbia Driver's License in the name of "Kelvin Duchi," which was provided to the UPS Store, was checked through the District of Columbia Department of Motor Vehicles by Inspector Bond on September 11, 2008, and there was no record found. In addition, according to public record files, an individual by the name "Kelvin Duchi" never resided at the address listed on the driver's license, which was 1426 T Street NW, Washington, DC 20008.

31. On September 3, 2008, AKINLEYE agreed to be interviewed by your affiant and Postal Inspector Bond. During this interview, AKINLEYE told your affiant the following:

    a) An individual by the name of "Kunle Ode" gave AKINLEYE the $2,575 convenience check to cash. AKINLEYE was working with Ode selling cars at Ode's car businesses operating under the names Demarcos and Excellence Autos. AKINLEYE cashed the check using a New York Driver's License. AKINLEYE thought the convenience check, which was for $2,575 and made out to AKINLEYE, was from a customer of Ode's car business.

32. On September 10, 2008, Gupta was interviewed by your affiant and Postal Inspector Bond. During this interview, Gupta told your affiant the following:

11

a) Gupta was aware of the fraud on his credit line at Bank of America and provided information on additional accounts that were taken over at SunTrust Bank and HSBC Bank, using the address of 9900 Greenbelt Road, Suite 195, Lanham, Maryland 20706.

b) Gupta also said that a fraudulent Navy Federal Credit Union account was opened using his personal identifying information, with the fraudulent address of 9900 Greenbelt Road, Suite 195, Lanham, MD 20706.

c) Gupta denied knowing AKINLEYE and did not authorize the $2,575 check in his name. Gupta also said that he has no interests related to the fraudulent address of 9900 Greenbelt Road, Suite 195, Lanham, MD 20706, and did not authorize the change of address on the Bank of America account.

**Fraudulent Activity Related To Wachovia Bank In January of 2005**

33. In January of 2005, a forged check was written on an account at Wachovia Bank, a financial institution as defined in 18 U.S.C. sec. 20, in the name of Jean Taylor, and that check was deposited into an account at Bank of America in the name of "SAMUEL O. AKINLEYE."

34. In particular, on or about January 18, 2005, a forged check, in the amount of $46,950, with the payee of "SAMUEL O. AKINLEYE," was deposited into the Bank of America account of AKINLEYE. Prior to the discovery of the fraud, all the funds were withdrawn from this AKINLEYE account via checks, debit card purchases, and ATM withdrawals in Maryland. Wachovia Bank suffered a loss of $46,950, due to the depositing of this forged check and these subsequent withdrawals.

35. On February 24, 2005, Taylor notified Wachovia Bank of fraudulent activity on her account. Taylor stated that she did not sign or authorize the $46,950 check.

36. On September 3, 2008, AKINLEYE agreed to be interviewed by your affiant and Postal Inspector Bond. During this interview, AKINLEYE told your affiant the following:

a) AKINLEYE remembered depositing the check for $46,950 into his Bank of America account.

b) A person by the name of "Kunle Ode" gave AKINLEYE the $46,950 check. Ode told AKINLEYE that Ode sold property and needed a place to deposit the proceeds from the sale. Ode gave AKINLEYE $1,500 and a Ford Probe for depositing the check. AKINLEYE did not explain why "Kunle Ode" provided him with $1,500 and a Ford Probe for simply depositing this check into his account.

c) AKINLEYE was questioned previously by the police about the check when police were looking for Ode. Ode was arrested related to the check and is currently in jail.

37. A review of public records did not reveal any individuals by the name of "Kunle Ode," who had been arrested and/or were currently incarcerated.

## ADDITIONAL EVIDENCE OF FRAUDULENT ACTIVITY RECOVERED DURING THE EXECUTION OF A SEARCH WARRANT AT AKINLEYE'S RESIDENCE

The following paragraphs, numbered 38 though 39, describe additional evidence, which was recovered during the execution of a search warrant at AKINLEYE's

residence on September 3, 2008, related to his continuing scheme to commit Bank Fraud.

38. On September 3, 2008, a federal search warrant was executed at AKINLEYE's residence, xxxxx xxxx xxxxx xxx, #112, Mitchellville, Maryland. AKINLEYE is the only individual on the lease of apartment 112. The evidence recovered from apartment 112 included the following items containing personal identification information of other individuals:

a) Bank of America debit card in the name of David Cougle wrapped in a piece of paper, with handwritten identifying information and bank account numbers for David Cougle;

b) American Express card, social security card, and Maryland Driver's License all in the name of Stephen Mumbai. Upon being interviewed about these items during the search, AKINLEYE told your affiant they were fake documents provided to AKINLEYE in order for AKINLEYE to be able to cash money orders using identification that did not reveal AKINLEYE's true name;

c) Citibank debit card in the name of Alexander M. Hernandez;

d) Piece of paper with handwritten identifying information for Karen Honorat, including a Social Security number and bank account number;

e) Piece of paper with handwritten identifying information for Alvin Lamont Battiste, Jr., including a Social Security number and account number;

f) Bank of America debit card in the name of Kemar Powell, along with a receipt from an ATM deposit of a $9,850 check made payable to Kemar Powell

14

into a Bank of America account; and

      g)    Numerous MoneyGram money order receipts and USPS money order receipts.

39.    In the voluntary interview conducted during the execution of the search warrant, AKINLEYE admitted to his involvement in various fraudulent activities related to Bank Fraud, including the statements which are discussed above.

### Conclusion

40.    Based on the information contained in this affidavit, I believe there is probable cause to believe that AKINLEYE engaged in a scheme to commit "Bank Fraud" in this District, and its surrounding areas. Accordingly, your affiant respectfully requests the issuance of an arrest warrant for AKINLEYE, based on his violations of 18 U.S.C. sec. 1344.

 

SPENCER W. BROOKS
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me this _____ day of October, 2008.

United States Magistrate Judge